UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| MIKE MONTOYA,<br>Plaintiff,<br>v.<br>VASYL ODOVIYCHUK, et al.,<br>Defendants. | Case No. 3:25-cv-00007-ART-CSD<br><br>ORDER<br>(ECF No. 24) |

Mike Montoya and Vasyl Odoviychuk are two tractor-trailer drivers who collided on I-80 in Elko County. Mr. Montoya now sues Mr. Odoviychuk, his employer BSS Trucking, Inc., and Doe and Roe defendants for negligence and related claims. Defendants moved for summary judgment and partial summary judgment. (ECF No. 24.) The Court now denies the motion.

## I. Background

### A. Undisputed Facts

On December 5, 2022, around 5:00 p.m., Mr. Montoya was in the shoulder off the eastbound lanes of I-80, adjusting a curtain on his truck. When he was finished, he put his hazard lights on, started driving forward, and put on his left turn signal. While still in the shoulder, he saw the headlights of vehicles coming from behind and saw at least some of them going around him. (ECF No. 25-2.) Then Mr. Montoya saw the lights of Mr. Odoviychuk's BSS-owned tractor-trailer coming directly towards him and realized that he was going to be hit.

Mr. Odoviychuk said that "for some reason, I noticed [Mr. Montoya's truck] too late, and there was nothing I could do to avoid it." (ECF No. 29-3.)

Mr. Odoviychuk's truck collided with Mr. Montoya's truck from behind. Mr. Montoya's truck rolled uncontrollably, caught fire, and came to rest on the

shoulder. (ECF No. 29-1; 25-1.) Mr. Odoviychuk's truck came to rest on its wheels, jackknifed, and lay partially in the median of the highway while blocking the left lane of the eastbound interstate. (ECF No. 29-1.)

Trooper Jordan Heather of the Nevada Highway Patrol arrived at the scene. He wrote in the crash report that both drivers had caused the accident, Mr. Odoviychuk by failing to move his tractor-trailer to the left lane when approaching a slowed or stopped vehicle on the shoulder, and Mr. Montoya by failing to yield the right of way to oncoming traffic. (ECF No. 29-1.)

**B. Disputed Facts**

The parties dispute whether the collision took place in the travel lane or on the shoulder. Mr. Montoya testified in his deposition that he was in the shoulder, not the travel lane, at the moment of the collision. He says that his intention was to build up speed in the shoulder before merging in, ideally to 50 or 55 miles per hour in the 75 mile per hour zone. He testified that west of the collision, there was a long bend in the highway, and theorizes that Mr. Odivychuk crossed the white line because he did not correct his outward momentum. (ECF No. 25-1.)

Mr. Odivychuk argues that the collision happened in the travel lane. He stated in his own responses to interrogatories that both trucks were in the right lane when they collided. (ECF No. 25-2.) For additional support, Mr. Odivychuk also points to Mr. Montoya's interrogatory response, where he states that he was stopped on the shoulder with his hazard lights activated, began building speed, and "began merging back onto the road in the No. 2 Lane" before "Defendant rear-ended Plaintiff's vehicle." (ECF No. 25-3 at 3-4.) Mr. Odoviychuk submitted an expert declaration of William Bortles, an accident reconstructionist, who opined that Mr. Montoya was "partially in[] the travel lanes" at the time of the collision. (ECF No. 26 ¶ 13.)

## II. Legal Standard

The Federal Rules of Civil Procedure provide for summary adjudication when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A party asserting or disputing a fact "must support the assertion by ... citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials." Fed. R. Civ. P. 56(c)(1)(A). Material facts are those that may affect the outcome of the case. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute as to a material fact is genuine if there is a sufficient evidentiary basis on which a reasonable factfinder could rely to find for the nonmoving party. *Id.*

In determining summary judgment, courts apply a burden-shifting analysis. A party seeking summary judgment bears the initial burden of demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). When the nonmovant bears the burden at trial, as is the case here, the movant can meet its burden by either (1) presenting evidence to negate an essential element of the nonparty's case; or (2) by demonstrating that the non-moving party failed to make a showing sufficient to establish an element essential to that party's case, and on which the non-movant will bear the burden of proof at trial. *See id.* at 323-24. After the movant has met its burden, the burden shifts to the nonmovant to come forward with specific facts showing a genuine issue of material fact remains for trial. *Matsushita Electric Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587-88 (1986).

**III. Analysis**

Defendants move for summary judgment, arguing that there is insufficient evidence for a factfinder to find that Mr. Odoviychuk was negligent. Defendants also move the court for partial summary judgment in the alternative, asserting that as a matter of law, Mr. Montoya's negligence was at least partly responsible for the collision.

"In order to prevail on a traditional negligence theory, a plaintiff must establish that (1) the defendant owed the plaintiff a duty of care, (2) the defendant breached that duty, (3) the breach was the legal cause of the plaintiff's injuries, and (4) the plaintiff suffered damages." *DeBoer v. Sr. Bridges of Sparks Fam. Hosp.*, 282 P.3d 727, 732 (Nev. 2012). "In order to establish entitlement to judgment as a matter of law, respondents must negate at least one of the [] elements of the plaintiff's case." *Perez v. Las Vegas Med. Ctr.*, 805 P.2d 589, 591 (Nev. 1991). In negligence actions, courts are generally reluctant to grant summary judgment. *Harrington v. Syufy Enterprises*, 931 P.2d 1378, 1380 (Nev. 1997); *see Butler v. Bayer*, 168 P.3d 1055, 1065 (Nev. 2007) ("Because the question of whether reasonable care was exercised almost always involves factual inquiries, it is a matter that must generally be decided by a jury.").

Taking the facts in the light most favorable to Mr. Montoya, Mr. Odoviychuk was negligent and Mr. Montoya was not. Both summary judgment and partial summary judgment must be denied.

At this stage in the process, the Court must credit Mr. Montoya's testimony that he was in the shoulder. Mr. Odoviychuk's contrary deposition testimony and expert report create a dispute of material fact for the factfinder to weigh and resolve. Mr. Odoviychuk argues that Mr. Montoya should not be allowed to assert that he was on the shoulder because in his responses to interrogatories, he stated that that he "began merging back onto the road in the No. 2 Lane and Defendant

rear-ended Plaintiff's vehicle." (ECF No. 25-3 at 3-4.) Mr. Odoviychuk assumes that this statement means that the collision occurred on the road, contradicting Mr. Montoya's deposition testimony. This is not so. Mr. Montoya's response could mean that he had moved from the right side of the shoulder to the left side of the shoulder, or that he had begun speeding up in preparation to cross the fog line. Assuming for the sake of argument that Mr. Montoya's response did contradict his deposition testimony that he was in the shoulder, then Mr. Odoviychuk has not explained why the interrogatory should be credited instead of the deposition.

Assuming for summary judgment purposes that the collision happened on the shoulder, then a factfinder could find that Mr. Odoviychuk was negligent because an ordinary person exercising reasonable care would not have veered into the shoulder and hit Mr. Montoya. A factfinder could further conclude that Mr. Odoviychuk actually and proximately caused the collision and Mr. Montoya's injuries, because but for his negligence he would have avoided Mr. Montoya's truck as the other drivers on the highway apparently did. Trooper Heather's incident report also concluded that the accident was caused at least in part by Mr. Odoviychuk's failure to move to into the left lane.

A factfinder could also determine that if Mr. Montoya was on the shoulder and speeding up in preparation to merge back onto the highway when he was hit, he did not breach a duty of care. Using a shoulder to speed up from a standstill in preparation to merge into traffic is consistent with ordinary care.

Mr. Odoviychuk argues that Mr. Montoya disclosed his percipient witness Jeffrey Reid too late; that photographs of tire marks without an expert to interpret them are not evidence that the accident occurred on the shoulder; and that Trooper Heather's traffic court testimony is hearsay, speculation, and impermissible lay opinion. (ECF No. 30.) It is not necessary to decide Mr. Odoviychuk's evidentiary objections. Even without the challenged evidence, Mr.

Montoya has shown that there is a genuine dispute of material fact using his own testimony, Mr. Odoviychuk's testimony, and Trooper Heather's unchallenged incident report.

## IV. Conclusion

IT IS THEREFORE ORDERED that the Court DENIES Defendants' motion for summary judgment and partial summary judgment. (ECF No. 24.)

DATED: August 13, 2026

ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE